## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Steven Utke, | ) |
| | ) |
|           Plaintiff, | ) |
| | ) |
|           v. | ) |
| | ) |
| University of Connecticut American Association of University Professors, | ) ) |
| | ) |
|           Defendant. | ) |

## INTRODUCTION

1. Plaintiff Steven Utke ("Utke") is employed as a professor at the University of Connecticut ("University") in its School of Business. He is represented by the University of Connecticut American Association of University Professors ("Union" or "AAUP"). He brings this suit to obtain redress from the Union for its unconstitutional seizure of "agency fees" from him without his consent.

## JURISDICTION AND VENUE

2. This is an action under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States, particularly the First and Fourteenth Amendments.

3. This Court has jurisdiction over Plaintiff's claims according to 28 U.S.C. § 1331 because they arise under the United States Constitution. This Court also has jurisdiction based on 28 U.S.C. § 1343, because Plaintiff seeks relief under 42 U.S.C. § 1983. This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory, injunctive, legal, and other appropriate relief.

4. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims occurred in this district. Venue is also proper under 28 U.S.C. §§ 1391(c)(2) and 1391(d) because the Union operates or does business in this district.

## PARTIES

5. Steven Utke is a professor at the University of Connecticut. He was hired in 2015 and has worked at the University for all relevant periods. He is in a bargaining unit represented by Defendant University of Connecticut American Association of University Professors, but has never joined the union or authorized the deduction of union dues, fees or payments.

6. Defendant University of Connecticut American Association of University Professors is a labor union that transacts business in Connecticut and has an office located at 1875 Storrs Road, Unit 6028, Storrs, Connecticut, 06268.

## FACTUAL ALLEGATIONS

7. Connecticut General Statutes Chapter 68 governs public sector collective bargaining in Connecticut.

8. Section 5-271, grants a designated or recognized union the legal authority to act as "an exclusive bargaining agent" with a state employer to negotiate the terms and conditions of employment within a collective bargaining agreement ("CBA").

9. Under Section 5-280, employees represented by an exclusive representative "shall be required, as a condition of continued employment, to pay to such organization for the period that it is the exclusive representative, an amount equal to the regular dues, fees, and assessments that a member is charged."

10.     The Union is party to a CBA with the University of Connecticut, effective July 1, 2017 through June 30, 2021, which is attached to the Complaint as Exhibit 1. The contract

requires the payment of such compulsory fees. *Id*. at Art. 17.1. The previous CBA, which is attached to the Complaint as Exhibit 2, also requires the payment of these compulsory fees. *Id.* at Art. 17.1.

11. On information and belief, the University and the Union were parties to prior CBAs covering Utke's employment that also required the payment of agency fees.

12. On June 27, 2018, the Supreme Court held agency fee requirements to be unconstitutional under the First Amendment and that unions and public employers could not constitutionally collect union dues or fees from public employees without their affirmative consent. *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018).

13. Utke was hired by the University in the fall of 2015 and is represented by the Union, is covered by the CBA, and was compelled to pay the agency fee as a condition of his employment.

14. As a non-member, Utke objected to paying the Union any fee and never authorized such payments.

15. After the Supreme Court's decisions in *Knox v. SEIU Local 1000*, 567 U.S. 298 (2012) and *Harris v. Quinn*, 134 S. Ct. 2618 (2014), the Union should have known that its seizure of agency fees from Utke violated his First Amendment rights.

16. Under this circuit's precedent, as confirmed in *Janus*, employees cannot be required to make annual objections to paying for the Union's non-chargeable expenses. *Seidemann v. Bowen*, 499 F.3d 119 (2d Cir. 2007).

17. Notwithstanding the Second Circuit's holding in *Seidemann v. Bowen*, 499 F.3d 119 (2d Cir. 2007), each November, Utke was required to object to paying the Union's non-chargeable costs under *Abood*. If he did not timely object he was required to pay full dues to the

Union. If he did timely object, he was given a check the Union alleged was an advance rebate of the Union's non-chargeable expenses.

18. Since his hire, Utke annually objected to the payment of full dues and fees. Each year, Utke was then given an advanced rebate of a portion of the amount deducted from his wages and remitted to the Union. Dues were then deducted from Utke's wages and accepted by the Union.

19. Prior to the Supreme Court's *Janus* decision, when a union collected compulsory fees from a public employee, it was required to annually provide that employee with a "*Hudson*" notice that, among other things, explains how the union calculated the employee's portion of the union's spending on collective bargaining activities. *See Chi. Teachers Union, Local No. 1 v. Hudson*, 475 U.S. 292 (1986). The Union had to provide adequate "information about the basis for the proportionate share" of the union expenses fee payers must pay and have that information verified by an independent auditor. *Id.* at 306-07.

20. Each November, the UConn AAUP sent Utke a letter containing a *Hudson* notice purporting to be a breakdown of expenditures. These letters however, are deficient for several reasons under *Hudson*. Two such notices for 2015 and 2017 are attached as Exhibits 3 & 4.

21. First, on information and belief, the Union's *Hudson* notices are deficient because they are not verified by an independent auditor. The notices do not state they have been verified by an independent audit.

22. Second, using the Union's notice, it is impossible for Utke to determine how the Union spends or calculates its compulsory fees. The notice only includes bare categorization of expenditures. The Union does not provide a breakdown of its categories of chargeable and nonchargeable expenditures. The Union simply claims it only spends exactly 1000 (one

thousand) dollars, out of its nearly 1.8 million dollar budget on non-chargeable expenditures.

23. Third, the Union failed to provide any basis for the chargeability of the Union's national and/or international affiliates.

24. The Union claims that nonmembers can receive only a .41 cent rebate for its local costs, $44.64 for its national costs, $6.18 of its state conference costs, and $14.01 in costs from the "Joan Hall AAUP Nutmeg Scholarship." The deficient *Hudson* notice does not justify the extraction of these fees.

25. Furthermore, the Union's refund calculation is improper. The Union charges dues as a percentage of salary. Based on this calculation, the more an employee made, the more dues he paid to the Union. However, the advanced rebate given to objecting non-members was a flat refund. Such an arrangement results in half of the bargaining unit getting a refund that is less than the percentage of non-chargeable expenses paid to the Union.

## COUNT I

(Compulsory Union Fees Violate 42 U.S.C. § 1983 and the United States Constitution)

26. Plaintiff re-alleges and incorporate by reference the paragraphs set forth above.

27. By requiring under color of state law that Utke pay fees to the Union as a condition of employment, the Union violated his First Amendment rights to free speech, petition, and association, as secured by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

28. As a result, Utke has suffered the irreparable harm and injury inherent in a violation of First Amendment rights for which there is no adequate remedy at law.

29. Utke is entitled to a declaration that the provision of the collective bargaining agreement allowing the collection of compulsory fees is unconstitutional and the refund of any

and all dues and/or fees deducted from his wages.

## COUNT II (Alternative Count)

(The Union's *Hudson* Notice Violates 42 U.S.C. § 1983 and the United States Constitution)

30. Plaintiff re-alleges and incorporates by reference the paragraphs set forth above.

31. Alternatively, if the Court finds Count I fails, the Union's annual financial disclosures were inadequate even under the prior *Hudson* standard because they did not give non-members a proper basis on which to challenge the fee. By requiring that Utke pay a compulsory fee without a proper *Hudson* notice, the Union has violated Plaintiff's First Amendment rights to free speech, petition, and association, as secured by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

32. As a result, Utke has suffered irreparable harm and injury inherent in a violation of First Amendment rights for which there is no adequate remedy at law.

33. Utke is entitled to proper *Hudson* notices and the payment of the difference between the amount taken pursuant to the prior defective notice and the new notice.

## COUNT III (Alternative Count)

(The Union's Advance Rebate Violates 42 U.S.C. § 1983 and the United States Constitution)

34. Plaintiff re-alleges and incorporates by reference the paragraphs set forth above.

35. Alternatively, if Count I fails, the Union's rebate procedures resulted in Utke receiving a rebate which is less than the amount of non-chargeable expenses the University deducted and the Union accepted from his wages.

36. Because Utke was required to pay a percentage of his salary to the Union, his prior refunds of non-chargeable expenditures were not proportional to the expenditures charged by the Union.

37. As a result, Utke has suffered irreparable harm and injury inherent in a violation of First Amendment rights for which there is no adequate remedy at law.

38. Utke is entitled to compensatory damages in the amount of Union fees unlawfully taken from his wages.

## CLAIMS FOR RELIEF

Plaintiff requests that this Court:

A. Enter a judgment declaring that the Union has violated Plaintiff's statutory and constitutional rights by negotiating and maintaining a forced fee provision requiring the payment of fee as a condition of employment and accepting fees deducted from Plaintiff's wages that Plaintiff did not authorize.

B. Enter a judgement against the Union for failing to provide non-members with an adequate *Hudson* notice.

C. Award Plaintiff actual damages in the full amount of fees and/or union dues seized from his wages within the limitations period, plus interest, and/or nominal damages for violations of the First Amendment and for depriving Plaintiff of his rights secured by the U.S. Constitution.

D. Alternatively, award the Plaintiff actual damages in the amount of fees seized from his wages in contravention of *Hudson* within the limitations period, plus interest, and/or nominal damages for violations of the First Amendment and for depriving Plaintiff of his rights secured by the U.S. Constitution.

I. Award Plaintiff's costs and reasonable attorneys' fees under 28 U.S.C. § 1920 and 42 U.S.C. § 1988; and

J. Grant such other and additional relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Nathan Schindler
Nathan Schindler   (CT27464)
Law Offices of Martha A. Dean LLC
144 Reverknolls
Avon, CT 06001
Telephone: (860) 676-0033
Fax: (860) 676-1112
nschindler@mdeanlaw.com
*Attorney for Plaintiff*

Alyssa K. Hazelwood (*pro hac vice to be filed*)
Aaron B. Solem (*pro hac vice to be filed*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, VA  22160
Telephone: (703) 321-8510
Fax: (703) 321-9319
Emails: akh@nrtw.org
         abs@nrtw.org

*Attorneys for Plaintiff*